620 A.2d 1048
IN THE MATTER OF PAUL H. KARWELL,
AN ATTORNEY AT LAW.

Argued January 20, 1993—Decided March 19, 1993.

*John McGill, III,* Deputy Ethics Counsel, argued the cause on behalf of Office of Attorney Ethics.

*Thomas M. Murphy* argued the cause for respondent.

PER CURIAM.

This matter arises from a Report and Recommendation of the Disciplinary Review Board (DRB) that respondent be suspended for three months for the illegal possession of drugs. Respondent has stipulated to the essential facts. The only issue before us is the measure of discipline.

The incident underlying this matter occurred in April 1991 when, as respondent was entering the Hunterdon County Court House, a routine security check disclosed on his person what appeared to be small amounts of narcotics, along with items of drug paraphernalia. A further search of respondent's person, clothing, and automobile disclosed small quantities of cocaine and marijuana. On November 6, 1991, respondent was admitted into the Hunterdon County pretrial intervention program (PTI), subject to a plan of counselling and supervision. Respondent admits, however, to the possession of .08 grams of marijuana, .13 grams of cocaine, and the drug paraphernalia.

The DRB found, as we do, that "[t]here is no question that, given the stipulated conduct, respondent violated *RPC* 8.4(b), in that his conduct reflected adversely on his fitness to practice law." The sole issue before the DRB was the appropriate measure of discipline. A majority of the DRB recommended a suspension of three months; three members dissented, one believing a public reprimand to be sufficient discipline, one believing a one-month suspension to be sufficient, and the third member suggesting imposition of a three-month suspension that would be suspended.

The proper measure of discipline is indeed difficult in this case because of respondent's unusual background. He had, earlier in his life, recognized a dependency on alcohol and for over fifteen years remained alcohol free and was actively involved in Alcoholics Anonymous. Indeed, he was active in efforts to combat the ill effects of drugs. He had assisted many others, both within and outside the legal profession, in dealing with problems of substance abuse, and had served on the board of directors of Freedom House, an organization that runs a recovery program for substance abusers. The many tributes to respondent by colleagues, clients, and friends demonstrate an outstanding career that began in 1970 and has been otherwise free of blemish. He has a small practice, but one devoted to helping countless people throughout the state. Indeed, both his client and his adversary in the matter that brought him to the courthouse attest to his reliability and integrity.

Immediately following the courthouse incident, he admitted himself to Clear Brook Manor in an in-patient rehabilitation program. He was "an above-average participant and an extremely remorseful patient." A lawyer-friend described the incident at the courthouse as a "call for help." His counsellors saw it as "an unconscious cry for assistance." We are assured that he is well on his way to rehabilitation and a drug-free life.

Notwithstanding those redeeming features, we believe that the majority of the DRB has appropriately measured the discipline. In *In re McLaughlin,* we stated:

> We forebear the imposition of a period of suspension only because this is the first time that we have spoken to the question of discipline for a private drug incident * * *. * * * Members of the bar would be well advised not to rely on our indulgent treatment of these respondents: similar conduct henceforth will ordinarily call for suspension. [105 *N.J.* 457, 462, 522 *A.2d* 999 (1987).]

In that case, three young attorneys had purchased cocaine for personal use, entered PTI, and completed the program. Since *In re McLaughlin,* we have generally imposed periods of suspension for possession of cocaine. See, *e.g., In re Nixon,*

122 *N.J.* 290, 585 *A.*2d 322 (1991) (imposing three-month suspension for possession of marijuana and cocaine); *In re Stanton,* 110 *N.J.* 356, 541 *A.*2d 678 (1988) (imposing six-month suspension for possession of cocaine); *In re Kaufman,* 104 *N.J.* 509, 518 *A.*2d 185 (1986) (imposing six-month suspension for possession of methaquaalude and cocaine). Our opinions in *Stanton* and *Kaufman* reveal that each attorney had exhibited trustworthy professional conduct and general good character in the past, although Kaufman had had a prior drug-related incident in New York and Stanton had acknowledged years of previous drug use.

Only with respect to "the possession and use of a small amount of marijuana" has the Court refrained from suspending attorneys. *In re Echevarria,* 119 *N.J.* 272, 574 *A.*2d 991 (1990) (quantity unspecified, but termed "small"). Granted that the amounts of the drugs possessed in other cases may have been larger than that in respondent's possession (we are told that *Nixon,* for instance, involved .726 grams of cocaine and 13.24 grams of marijuana); but in each such case there was no evidence of possession with an intent to distribute, merely illegal possession, the same offense found in this case. We have sometimes observed that the dependent person will "commence [the] long, uphill climb after the experience of rock bottom." *In re Steinhoff,* 114 *N.J.* 268, 274, 553 *A.*2d 1349 (1989). We are confident that a period of suspension will reinforce the gravity of the offense, maintain the necessary public confidence in the legal profession's commitment to the laws of society, and yet allow respondent to return to practice, a faithful adherent to his program of rehabilitation.

Respondent is therefore suspended from the practice of law for a period of three months and until further order of this Court. Respondent shall reimburse the Ethics Financial Committee for the appropriate administrative costs incurred in the prosecution of this matter.

*For suspension*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI, and STEIN—7.

*Opposed*—None.

### ORDER

It is ORDERED that PAUL H. KARWELL of BERKELEY HEIGHTS, who was admitted to the bar of this State in 1970, is hereby suspended from the practice of law for a period of three months, effective April 12, 1993, and until the further Order of the Court; and it is further

ORDERED that respondent shall be restrained and enjoined from practicing law during the period of his suspension and that he shall comply with Administrative Guideline 23 of the Office of Attorney Ethics, which governs suspended attorneys; and it is further

ORDERED that respondent shall reimburse the Ethics Financial Committee for appropriate administrative costs incurred in the prosecution of this matter.